UNITED STATES of America, Plaintiff-Appellant,

v.

Mary HELZ, Defendant-Appellee.

No. 14771.

United States Court of Appeals Sixth Circuit.

March 7, 1963.

302

Sherman Cohn, Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Morton Hollander, Sherman L. Cohn, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief), for appellant.

Eliot Charlip, Detroit, Mich., for appellee.

Before MILLER, Circuit Judge, BOYD, District Judge, and DARR, Senior District Judge.

DARR, Senior District Judge.

The defendant-appellee, Mary Helz, and her husband executed two notes to a banking institution for the purpose of securing money to improve their home, owned by them as tenants by the entirety.

Prior to the making of the loans appellee and her husband executed credit applications on Federal Housing Administration forms, each of which stated that "this application is submitted to obtain credit under the terms of Title I of the National Housing Act." 48 Stat. 1246, as amended, 12 U.S.C. § 1703.

The notes were unsecured, the payment being insured by the terms of Title I of the National Housing Act. These notes were defaulted and the bank assigned them to the United States on behalf of the Federal Housing Administration (FHA) in return for payment by the FHA of the amounts due under Title I of the insurance program.

Appellee's husband was discharged in bankruptcy on December 6, 1960.

On February 15, 1961, the United States, on behalf of FHA, instituted the present action against appellee, individually, to recover the amounts still owing on the promissory notes, plus interest.

Appellee, admitting the execution of the notes and that they were given "for the purpose of obtaining an unsecured FHA home improvement loan," moved to dismiss the complaint on the authority of Fetter v. United States, 269 F.2d 467 (C.A. 6). The District Court dismissed the complaint without opinion. The United States appealed from the judgment.

The Government concedes that under Michigan law, which was involved in the Fetter case, no judgment on the notes could be entered against appellee, a married woman. The Fetter case settles this case should it be that Michigan law applies, but the Government presents in this case a question that was not raised or decided in the Fetter case.

The basic contention of the Government is that the relief sought should be governed by federal law and that the federal law should be determined by the Court, under the circumstances here presented, as requiring a judgment to be entered against appellee.

In diversity cases, since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct.

817, 82 L.Ed. 1188, the law of the state governs the remedies. In cases arising under federal statutes, remedies are governed by the directive of the statutes or, if no directive, then by rules fashioned by the federal courts. A rule set up by a decision of the federal court may adopt the state law or may fashion the governing rule of law according to its own standards.

■ In cases affecting government money and the credit of the government, the authorities set up the principle that federal law should apply. This principle is true in cases arising under the National Housing Act. As an exemple, the Court said in the case of United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (C.A. 9) 1959, cert. denied 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120:

"Now the federal policy to protect the treasury and to promote the security of federal investment which in turn promotes the prime purpose of the Act—to facilitate the building of homes by the use of federal credit —becomes predominant. Local rules limiting the effectiveness of the remedies available to the United States for breach of a federal duty can not be adopted."

See also: Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313; Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; United States v. Allegheny County, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209; United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067; United States v. 93.970 Acres of Land, 360 U.S. 328, 79 S.Ct. 1193, 3 L.Ed.2d 1275; cf. Bank of America Nat. Trust & Sav. Ass'n v. Parnell, 352 U.S. 29, 77 S.Ct. 119, 1 L.Ed.2d 93.

■■ We reach the conclusion that federal law should apply in the case, not the local law of Michigan, and that in fashioning such federal law we rule that the old common law defense of coverture to an action on a note executed by a married woman under the National Housing Act, is not a valid defense. Under such federal law the Government is entitled to a personal judgment against appellee, in accord with the prayer of the complaint unless appellee makes other defense.

This ruling is not to be construed as in any way passing upon the question whether real estate in Michigan owned by the appellee and her husband as tenants by the entirety is subject to execution under a judgment obtained in this action or is exempt from such execution by reason of the Michigan law applicable thereto. We are not concerned at this time as to how or in what manner the Government can satisfy its judgment, should it obtain one. Propst v. Fisher, Administrator, C.A. 6, 313 F.2d 248.

The judgment of the District Court is reversed with directions that further procedure will be in accord with this opinion.