**UNITED STATES of America,**
**Appellant,**

v.

**Delbert L. YAZELL, d/b/a Yazell's Little Ages, and Ethel Mae Yazell,**
**Appellees.**

**No. 21154.**

United States Court of Appeals
Fifth Circuit.

July 13, 1964.

2d 767; United States v. Louisiana, E. D.La.1963, 225 F.Supp. 353.

15. United States v. Lynd, 5th Cir.1963, 321 F.2d 26.

Prettyman, Senior Circuit Judge, dissented.

---

William O. Murray, Jr., Asst. U. S. Atty., San Antonio, Tex., Sherman L. Cohn, J. F. Bishop, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Ernest Morgan, U. S. Atty., for appellant.

J. V. Hammett, Lampasas, Tex., for appellees.

Before HUTCHESON, PRETTY-MAN,* and JONES, Circuit Judges.

HUTCHESON, Circuit Judge:

This appeal is by the United States from a judgment sustaining the appellee's defense of coverture on a note executed under a contract entered into under a federal program authorized by congress for the aiding of small business. The suit was against appellee and her husband, and the judgment against the husband is not appealed from. The sole issue was and is whether the law of Texas, where the contract was made, that a married woman is protected by coverture from personal liability upon a contract, is controlling here, or whether, since the transaction was a transaction with the federal government, the Texas law of coverture is nullified and abrogated.

The district judge, sustaining Mrs. Yazell's plea of coverture, followed Texas law as it has been uniformly declared:

"*With the adoption of the common law as the rule of decision in this state, in 1840, our married women were rendered unable to bind themselves by contract.* Kavanaugh v. Brown, 1 Tex. 481. And although by statute we retained the Spanish law rule that the wife can own property, our adoption of the common law meant that she can contract with respect to it or otherwise only for a purpose pointed out by law and only in such manner as our statutes may permit. Graham et al. v. Struwe (Struve) et al., 76 Tex. 533, 13 S.W. 381; Speer's Law of Marital Rights, 3rd Ed. Sec. 167, p. 226." (emphasis added) Tolbert v. Standard Acc. Ins. Co., 148 Tex. 235 at p. 238, 223 S.W.2d 617 at 619.[1]

and the Texas law of coverture is the controlling law. This applies just as well to government groups and the United States as to anybody else. In short, this is not a case like the cases relied on by the United States of federal commercial paper issued by and as an obligation of the United States. This is a simple case of trying to hold a married woman liable on a contract which under the laws of Texas she was incapable of making, and the claim is no more reasonable than to hold that a minor, or one of unsound mind, could be held liable on a contract despite his disability merely because the United States was a party to it. There is nothing in this view, and we are in no doubt that the decision of the district judge should be affirmed.

The contention of the United States, that because the promissory note sued on

---

* Of the District of Columbia Circuit, sitting by designation.

1. Cf. 26 Am.Jur., Sec. 207 et seq.; also 30 Tex.Jurisprudence (2nd) Secs. 10 and 11, Sec. 16.

was payable to The Small Business Administration, the Texas law as above set forth is not controlling here, is completely unfounded, and we reject as without authority here the opinion of the Sixth Circuit, in United States v. Helz, 314 F. 2d 301, as we reject appellant's contention that the fact that the Small Business Administration is a party to the note sued on nullifies or has any effect on the incapacity of Mrs. Yazell to bind herself by contract.

The district judge was right in his decision. His judgment is affirmed.

PRETTYMAN, Senior Circuit Judge (dissenting):

Mrs. Yazell and her husband, trading as a partnership, borrowed money from the Federal Government through the Small Business Administration. They signed a note for the loan. They also signed, as security for the loan, a chattel mortgage on the merchandise in their store. They could not pay, and the Government foreclosed on the security. A deficiency remained. The Government sued on the note, praying judgment for the balance of the loan. Mrs. Yazell moved for summary judgment on the ground that she is a married woman and so, in Texas, no personal judgment and no judgment affecting her separate estate can be rendered against her, with a few exceptions not here material. The District Court judge agreed with her, and so do my brethren on this court. I am contrari-minded.

A loan from the Federal Government is a federal matter and should be governed by federal law. There being no federal statute on the subject, the courts must fashion a rule. This is the clear holding of Clearfield Trust Co. v. United States.[1]

To effectuate the policy of the Small Business Act, loans of many hundreds of thousands of dollars each year to businesses must be made throughout the country. These loans can be made only under conditions which will reasonably assure repayment.[2] I think the Act should be of uniform application throughout the country. If local rules are to govern federal contracts in respect to the capacity of married women to contract, so too should local rules as to all other features of contractual capacity govern such contracts. Chaos which would nullify federal programs for disaster relief would arise. And of course there is no reason to restrict this decision to loans under the Small Business Act. It would necessarily apply with equal force to every other federal program which involves contracts between the Federal Government and individuals. A multitude of programs will be frustrated by it.

It seems to me that, if a person has capacity to get money from the Federal Government, he has the capacity to give it back. The present lawsuit does not involve a general liability for debt; it involves merely the obligation to repay to the Government specific money borrowed from the Government. It seems to me that if a person borrows a horse from a neighbor he ought to be required to give it back if the owner wants it back, whether or not the borrower is a married woman. I suppose the Texas law, by nullifying repayments by married women, tends to minimize ill-advised borrowing. But I think the federal rule ought to be that you must repay what you borrow.

It seems to me that United States v. Helz [3] was correctly decided by the Sixth Circuit and that it applies here. I would follow it.

1. 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943).

2. 15 U.S.C. § 636(a) (7); 13 C.F.R. § 120.4–2(c) (1958).

3. 314 F.2d 301 (1963).