Russell Harold SITTON and Barbara Sitton, Appellants,

v.

UNITED STATES of America et al., Appellees.

No. 25685.

United States Court of Appeals Fifth Circuit.

July 30, 1969.

Rehearing Denied Oct. 22, 1969.

Charles Benn Howell, Dallas, Tex., for appellants.

James A. Baker, Robert Blair Rugh, June R. Welch, Melvin M. Diggs, U. S. Atty., Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., for appellees.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

JONES, Circuit Judge:

In 1960, appellants, Russell and Barbara Sitton, executed, in Texas, a note and deed of trust to T. J. Bettes Company to secure a loan for the purpose of buying a home in Dallas, Texas. At the request of the Sittons, the note was partially guaranteed by the Veterans Administration pursuant to the Servicemen's Readjustment Act of 1944, as amended, 38 U.S.C.A. § 1803. The note and deed of trust were subsequently assigned but the T. J. Bettes Company continued as servicing agent for the loan. On September 7, 1962, the Sittons conveyed the property by deed to W. R. Trout and Joanne Trout who assumed and promised to pay the note. In 1963, the loan became delinquent. Foreclosure followed in 1964. The property was sold for $10,000. After crediting the proceeds of the sale, a balance of $552.20 remained unpaid on the loan which the Veterans Administration as guarantor paid to the holder of the secured obligation. The note was assigned to the Administrator of Veterans Affairs who is the present holder of the note. The whereabouts of the Trouts, who received the property by deed from the Sittons and promised to pay the indebtedness, is not disclosed.

Thereafter, an action was brought by the United States in the District Court for the Northern District of Texas against the Sittons for a judgment in the sum of $482.97, with interest. The $482.97 represents the amount due the United States on the note after all credits. The Sittons appeal from a summary judgment entered against them.

In the district court, the Sittons filed a third party complaint against American Title Company, American Insurance Company, Trinity Universal Insurance Company, Lawyers Surety Corporation, Katherine H. Brown, Jarvis Brown, Leonard C. Duckworth, Harry Clifton Summer, Jr., and Mr. and Mrs. Walter J. Moorman, as third party defendants. The Sittons contended that the names of W. R. Trout and Joanne Trout were substituted for the name of appellee Walter J. Moorman as grantee and that the third party defendants conspired together to alter the Sittons' deed by substituting the Trouts in order that appellee Moorman might not become liable on a covenant to assume the mortgage. The Sittons complain that as a result of this alleged conspiracy they sustained actual and exemplary damages totalling $90,-000. They concede that this identical issue was heard in the Texas State courts. The Texas Court of Civil Appeals affirmed the state district court's judgment that appellant should take nothing in his cause of action against the third party appellees. In Sitton et ux. v. American Title Company of Dallas, Tex. Civ.App. 1965, 396 S.W.2d 899, the Texas Supreme Court refused to grant the Sittons' application for writ of error. The Supreme Court of the United States denied certiorari. Sitton v. American Title Co. of Dallas, et al., 385 U.S. 975, 87 S.Ct. 501, 17 L.Ed.2d 437, reh. den. 385 U.S. 1033, 87 S.Ct. 739, 17 L.Ed.2d 681.

Despite the adverse decision of the Texas courts, the Sittons assert that they are entitled to relief in the Federal court. Appellees answered the third party complaint by denying the allegations, and asserted affirmative defenses of estoppel by judgment, res judicata, and the Texas two-year statute of limitations. The district court granted ap-

pellees' motion for summary judgment and also entered judgment dismissing for want of jurisdiction the Sittons' third party complaint.

■ We turn first to Mrs. Sitton's compelling argument that the Texas law of coverture, in force when the contract with the Government was made, is a complete defense to recovery on the note as against her. Recently this Court has held that Federal law is to be applied to the question of whether a deficiency judgment should be granted the United States for balances due following foreclosure of mortgages on properties sold to non-veterans under the Vendee Account Loan program of the Administrator of Veterans Affairs. United States v. Wells, 5th Cir. 1968, 403 F.2d 596. In Wells, we stated that Federal law had been applied by the courts with respect to the Veterans Loan Guaranty program. 403 F.2d at 598. While this is generally the case, where, as here, the question involves a state law in the "peculiarly state province of family or family-property arrangements," the peculiarly local jurisdiction of the states should not be invaded. United States v. Yazell, 382 U.S. 341, 353, 86 S.Ct. 500, 507, 15 L.Ed.2d 404.

The Government relies in part on United States v. Helz, 6th Cir. 1963, 314 F.2d 301, to support its contention that the Texas law of coverture should not bar recovery against Mrs. Sitton. In United States v. Yazell, 5th Cir. 1964, 334 F.2d 454, this Court specifically rejected the reasoning of the Helz opinion as completely unfounded and without authority. In affirming our decision, United States v. Yazell, *supra,* the Supreme Court stated:

"Both theory and the precedents of this Court teach us solicitude for state interests, particularly in the field of family and family-property arrangements. They should be overridden by the federal courts only where clear and substantial interests of the National Government, which cannot be served consistently with respect for such state interests, will suffer major damage if the state law is applied.

"Each state has its complex of family and family-property arrangements. There is presented in this case no reason for breaching them. We have no federal law relating to the protection of the separate property of married women. We should not here invent one and impose it upon the States, despite our personal distaste for coverture provisions such as those involved in this case. Nor should we establish a principle which might cast doubt upon the effectiveness in relevant types of federal suits of the laws of 11 other States relating to the contractual positions of married women, which, as the Government's brief warns us would be affected by our decision in the present case. Clearly, in the case of these SBA loans there is no "federal interest" which justifies invading the peculiarly local jurisdiction of these States, in disregard of their laws, and of the subtleties reflected by the differences in the laws of the various States which generally reflect important and carefully evolved state arrangements designed to serve multiple purposes.

"The decisions of this Court do not compel or embrace the result sought by the Government. None of the cases in which this Court has devised and applied a federal principle of law superseding state law involved an issue arising from an individually negotiated contract. None of these cases permitted federal imposition and enforcement of liability on a person who, according to state law, was not competent to contract. None of these cases overrode state law in the peculiarly state province of family or family-property arrangements." 382 U.S. 352–353, 86 S.Ct. 507.

The Veterans Loan Guaranty program will not suffer major damage if the Texas law of coverture is applied in this case. This is especially so in light of the fact that the Texas law establish-

ing the doctrine of coverture was repealed in 1963.[1]

We also note that there is no clear statutory authority for overriding the Texas domestic relations law in this case, nor do we have regulations promulgated pursuant to a statute which require us to invade the strong state interest involved here. These factors distinguish United States v. Shimer, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908, and McKnight v. United States, 9th Cir. 1958, 259 F.2d 540. Furthermore, in United States v. Yazell, *supra,* the Supreme Court recognized that there is "no federal law relating to the protection of the separate property of married women." 382 U.S. at 352–353, 86 S.Ct. at 507.

■ Since we find that under the law of Texas, where the contract was made, Mrs. Sitton was protected by the doctrine of coverture from personal liability upon the contract, the judgment of the district court with respect to her must be reversed.

■ Little discussion is necessary to dispose of the Sittons' argument with respect to their third party claim. Title 28 U.S.C.A. § 1345 provides that the district courts have original jurisdiction of all civil actions where the United States is a plaintiff. Even conceding that this section may authorize third party claims, it can in no way be interpreted as a grant to the district courts of the power to act in an appellate capacity to review the propriety of a state court decision. In the prayer of their third party complaint the Sittons expressly asked the district court "that this Court render such judgment against third party defendants as the State Court should have rendered." The appellants now seek to have the federal district court review a state court decision alleged to be erroneous. The district court can not do this. The jurisdiction possessed by the District Courts of the United States is strictly original. "A federal district court has no original jurisdiction to reverse or modify the judgment of a state court." Hanna v. Home Insurance Company, 5th Cir. 1960, 281 F.2d 298, cert. denied 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747. Federal courts have no authority to act as an appellate arm of the state courts. Rooker v. Fidelity Trust Company, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Williamson v. Puerifoy, 5th Cir. 1963, 316 F.2d 774, cert. denied 375 U.S. 967, 84 S.Ct. 485, 11 L.Ed.2d 416; Hanna v. Home Insurance Company, *supra;* Manufacturers Record Pub. Co. v. Lauer, 5th Cir. 1959, 268 F.2d 187, cert. denied 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184, 185; Resolute Insurance Company v. State of North Carolina, 4th Cir. 1968, 397 F.2d 586, cert. denied 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439; Jones v. Hulse, 8th Cir. 1968, 391 F.2d 198; Pilkinton v. Pilkinton, 8th Cir. 1968, 389 F.2d 32; Wood v. Conneaut Lake Park, Inc., 3rd Cir. 1967, 386 F.2d 121. See also Warriner v. Fink, 5th Cir. 1962, 307 F.2d 933, cert. denied 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969; Annot. 13 A.L.R.2d 390, 467. The Sittons' proper route of appeal was to the Supreme Court of Texas and then by certiorari to the United States Supreme Court. That course was followed without success.

■ Furthermore, the dismissal of the third party complaint was clearly proper on the ground of res judicata. The Sittons' claims in the district court were the same as in the state court litigation. "A final, valid determination on the merits is conclusive on the parties and those in privity with them as to the matters adjudged, or which should have been litigated, in another action or proceeding involving the same cause of action." 3 Moore, Federal Practice, par. 0.405 [3], pp. 631–632 (2 Ed. 1965). While a federal court has jurisdiction to hear a collateral attack on a state court judgment which is alleged to have been obtained by fraud, deception, accident,

---

1. Vernon's Ann.Tex.Rev.Civ.Stat. Art. 4626 as amended by Acts 1963, 58th Leg., p. 1188, ch. 472, § 6. See also Tex.Rev.Civ. Stat.Ann. Art. 4625 as amended by Acts 1967, 60th Leg., p. 739, ch. 309, § 1.

or mistake,[2] this case affords no basis for a collateral attack in a federal court. Hence the district court properly dismissed the third party complaint.

■ Two other matters remain to be noted. First, the Sittons contend that the district court erred in holding that the affidavits and exhibits set forth in the Government's motion for summary judgment showed "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Sittons filed no counteraffidavits. They attack the form of the affidavits and exhibits and not their substance. Nothing appears to show that there existed any genuine issue of material fact. We agree with the district court that the showing made by the Government was sufficient. E.g., Liberty Leasing Co. v. Hillsum Sales Corp., 5th Cir. 1967, 380 F.2d 1013; Robbins v. Gould, 5th Cir. 1960, 278 F.2d 116.

Finally, the Sittons assert that the interest rate on the judgment was improperly included at 6%. Veterans Administration regulations provide for interest at 4% per annum on the deficiency after a foreclosure sale, but, the regulations are silent regarding interest after judgment. They argue that the general congressional intent to favor veterans as a class, even after default and foreclosure, requires that the 4% rate continue after judgment.

■■ The judgment in this case correctly included interest from the date of judgment at 6% per annum. Such interest is to be calculated at the rate allowed by State law. 28 U.S.C.A. § 1961. The law of Texas establishes that where obligations sued on bear interest at a rate less than 6% per annum, the judgment will bear interest at a rate of 6% per annum after its date. Vernon's Tex.Civ.Stat., Title 79, Art. 5072; Linz v. Eastland County, Tex.Comm.App. 1931, 39 S.W.2d 599, 77 A.L.R. 1466. See also Galveston County Drainage Dist.

No. 3 v. Foster, 5th Cir. 1922, 284 F. 932. To hold that the congressional intent to benefit veterans continues after judgment would require clearer expression than is demonstrated in the statutes or regulations.

We see no error in the judgment of the district court dismissing the third party complaint and in the entry of summary judgment for the third party defendants and these judgments are affirmed. We find no error in the entry of a judgment for the United States and against Russell Sitton and the judgment against him is affirmed. The judgment against Barbara Sitton is in error and is reversed. Affirmed in part and reversed in part.

---

2. See, e. g., Atchison, T. & S. F. Ry. v. Wells, 265 U.S. 101, 44 S.Ct. 469, 68 L. Ed. 928; 3 Moore, Federal Practice, Par. 0.407 et seq. (2d Ed. 1965).