**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**MERRICK SPONSOR CORP., Defendant-Appellant.**

**No. 463, Docket 33671.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 15, 1970.

Decided Feb. 3, 1970.

Edward L. Schiff, New York City (Schiff, Friedman & Krauss, New York City, on the brief), for defendant-appellant.

Norman G. Knopf, Atty., Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Edward R. Neaher, U. S. Atty., for the Eastern District of New York, on the brief), for plaintiff-appellee.

Before KAUFMAN and FEINBERG, Circuit Judges, and PALMIERI, District Judge.*

FEINBERG, Circuit Judge:

Merrick Sponsor Corp. ("Merrick") appeals from an order of the United States District Court for the Eastern District of New York, Anthony J. Travia, J., denying appellant's motion to vacate a deficiency judgment obtained by the United States following a foreclosure and sale on a mortgage insured by the Federal Housing Commissioner. For reasons indicated below, we affirm the order of the district court.

* Of the Southern District of New York, sitting by designation.

## I.

The facts, briefly stated, are as follows. Merrick was the mortgagor of certain property located in Queens County, New York, which mortgage had been insured by the Federal Housing Commissioner. On Merrick's default on its note and mortgage, the mortgagee assigned its rights to the Federal Housing Commissioner, and a foreclosure action was brought in the United States District Court for the Eastern District of New York. On May 26, 1967, a judgment was entered on behalf of the United States in the amount of $2,173,164.-87, which authorized a deficiency judgment in the event that the proceeds from the foreclosure sale fell short of the amount due. This turned out to be the case—on July 20, 1967, the property was sold at public sale to the highest bidder (the United States, acting through the Secretary of Housing and Urban Development) for $1,019,915.00. The deed was delivered to the purchaser on July 31, 1967. On December 11, the United States moved, unopposed, for leave to enter a deficiency judgment. On January 8, 1968, the district court ordered the entry of a deficiency judgment against Merrick in the amount of $1,172,438.43, plus $30,256.05 interest.

In October 1968, Merrick moved in the district court before Judge Travia for an order vacating the deficiency judgment; Merrick argued that the United States, by moving more than 90 days after delivery of the deed following the foreclosure sale, had failed to conform to the requirements of N.Y. Real Property Actions and Proceedings Law § 1371 (McKinney's, Consol.Laws, c. 81, 1963). That section provides in pertinent part:

2. Simultaneously with the making of a motion for an order confirming the sale, *provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser,* the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment * * *.

3. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist. [Emphasis added.]

Judge Travia held, 294 F.Supp. 1048 (E.D.N.Y.1968), that the Government's right to enforce a deficiency judgment is controlled by federal law, and that federal law does not require that this particular state procedure be permitted to defeat the federal interest in uniformity in enforcing a national housing policy.

## II.

 That the United States, by moving 133 days after delivery of the deed, failed to comply with section 1371 is undisputed. What is at issue is whether such compliance was necessary under these circumstances. This is a question of federal law, see United States v. Walker Park Realty, Inc., 383 F.2d 732 (2d Cir. 1967), and we agree with the district judge that section 1371 is inapplicable. Appellant cites United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), as suggesting a contrary conclusion, but that case is distinguishable on its facts and indeed tends to support the Government's position. Although the Supreme Court there held that the federal interest of the Small Business Administration in collecting a deficiency judgment on a disaster loan was insufficient to warrant overriding the Texas law of coverture, the Court emphasized that "the loan to Yazell was individually negotiated in painfully particularized detail, and * * * with specific reference to Texas law." *Id.* at 345–346, 86 S.Ct. at 503. Moreover, it noted that its "decisions applying 'federal law' to supersede state law

typically relate to programs and actions which by their nature are and must be uniform in character throughout the Nation," *id.* at 354, 86 S.Ct. at 507, and cited as an example of such a "nationwide" program United States v. Helz, 314 F.2d 301 (6th Cir. 1963). 382 U.S. at 348 n. 15, 86 S.Ct. 500. In *Helz*, the Michigan version of the coverture defense discussed in *Yazell* was held invalid against the United States as assignee of the Federal Housing Administration, the same agency involved here. Cf. United States v. Shimer, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961).[1] In short, we do not think that federal law requires or suggests the application of section 1371 under the facts of this case. See United States v. Flower Manor, Inc., 344 F.2d 958 (3d Cir. 1965). But see Reconstruction Finance Corp. v. Breeding, 211 F.2d 385 (10th Cir. 1954). Nor do we think that the motion of the United States 133 days after the deed was delivered should be considered untimely as a matter of federal law. See United States v. Wells, 403 F.2d 596 (5th Cir. 1968).

◼◼ Appellant also argues that section 1371 must be applied under Fed.R. Civ.P. 69. The short answer to this argument is that in this case we do not regard a motion seeking a deficiency judgment on behalf of the United States as "process to enforce a judgment" covered by that Rule. Cf. United States v. Walker Park, Inc., *supra*; United States v. Wells, *supra*. To the extent that the Tenth Circuit case cited above differs, we respectfully disagree.

Judgment affirmed.[2]

---

1. *Shimer* involved a Pennsylvania statute which placed a six-month limitation on seeking a deficiency judgment where the mortgagee was also the purchaser. The Court refused to apply the statute to the Veterans' Administration on the ground that the Pennsylvania scheme was inconsistent with Veterans' Administration regulations.

2. We note, although this does not control our decision, that the judgment of foreclosure and sale which was entered by the district court on May 26, 1967, with Merrick's consent, conspicuously deleted reference to section 1371 and substituted language concerning entry of a deficiency judgment with no time limitation or reference to New York law. While this judgment of foreclosure was not part of the original record filed by the parties in this court, we can take judicial notice of it.