**UNITED STATES of America,
Appellee,**

v.

**Vance M. THOMPSON, Elizabeth T. Russell, H. Ripley Thompson, John G. Thompson, Ruth T. Trammel, Vance M. Thompson, Jr., and William H. Thompson, a Partnership, d/b/a The Summit House Apartments, and Robert C. Jordan, as Trustee, Appellants.**

**No. 20395.**

United States Court of Appeals, Eighth Circuit.

Feb. 26, 1971.

Moses, McClellan, Arnold, Owen & McDermott, Wayne W. Owen, Little Rock, Ark., on brief for appellants.

W. H. Dillahunty, U. S. Atty., and Walter G. Riddick, Asst. U. S. Atty., Little Rock, Ark., on brief for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, District Judge.

GIBSON, Circuit Judge.

Appellants, who were defendants in the original foreclosure proceedings, appeal from a denial of their motion in the District Court to set aside a foreclosure decree and order of confirmation. The facts of the controversy are not in dispute.

Appellants in this case owned an apartment house in Little Rock, Arkansas, which was insured to the extent of 100 per cent by the Federal Housing Administration. Appellants were not personally liable on the mortgage. Upon appellants' default in payments on the mortgage, which was owned by the John Hancock Mutual Life Insurance Company, the Government honored its insurance obligation, and then brought suit in April 1966 to foreclose the mortgage. On August 24, 1967, the District Court filed a memorandum opinion directing foreclosure and ordering an appropriate decree to be entered. United States v. Thompson, 272 F.Supp. 774 (E.D.Ark. 1967). Counsel for the Government prepared a decree and submitted it to appellants, whose counsel, who was the same in that proceeding as this one, approved it as to form. The decree was filed October 23, 1967. The terms of the decree provided that the sale should be for cash.

The Government (Secretary of Housing and Urban Development) was the only bidder at the sale and purchased the property for $2,600,000. (The amount due on the mortgage was something in excess of $3,400,000.) On February 27, 1968, the District Court entered its confirmation of sale. On February 27, 1969, the Eighth Circuit affirmed the trial court's decision. Thompson v. United States, 408 F.2d 1075 (8th Cir. 1969).

On March 5, 1970, the appellants filed the motion to vacate the confirmation and set aside the sale on the ground that the sale was in violation of an Arkansas statute, Ark.Stat.Ann. § 51–1109, which required that any judicial sale be upon a credit of not less than three, nor more than six months, and not for cash. It was also alleged that the Government was negotiating a private sale, not yet complete, of the property for $3,500,000, and that a new foreclosure sale would bring a greatly increased price. The trial court denied the motion and refused to pass on the merits of the contentions, holding that appellants' participation in the 1967 proceeding estopped them from now attacking the foreclosure decree and sale.

The Government contends that, although it was not so designated below, this proceeding must be denominated as a motion for relief from a final judgment or order under Rule 60(b), Fed.R. Civ.P. That rule provides six reasons for granting the relief requested. Reasons (1), (2), and (3) require the motion to be made within one year, which was not done here. Reason (5), satisfaction of the judgment, is not applicable here. Therefore, appellants must be relying on either reason (4), "the judgment is void," or reason (6), "any other reason justifying relief." In either case, the motion must be made within a "reasonable time" after the entry of the order.

■ The Government argues that this motion was not made within a reasonable time. Appellants fully partici-

pated in the foreclosure proceedings, had notice of, and approved the final order of sale. An appeal was taken from this order, which was affirmed. Appellants did not object to the cash sale at that time, although they were fully informed of it. Appellants' attorney was the same at that time as this and should have raised the question then. Obviously, rights of the sale purchaser, the Government, could be seriously prejudiced by appellants' delay in raising this question.

■ We think the District Court properly held that the grounds of the motion could not be asserted at this time. The most that can be said for appellants' position is that they failed to bring the Arkansas statute to the District Court's attention at the time the decree was entered. "It is generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969).

Furthermore, the same result would be reached on the merits. If it is contended that the judgment is void under Arkansas law for failure to follow the statutory requirement (a question which is by no means clear), and that a void judgment may be set aside under 60(b) (4) without regard to a time limit, see 7 Moore's Federal Practice, ¶60.25 [4], the answer is that Arkansas law does not govern this suit. Unfortunately, appellants do not deal with this issue, but rely solely on their contention that the sale is void under Arkansas law. The only federal case relied on by appellants is O'Connor v. Townsend, 87 F.2d 882 (8th Cir. 1937). However, this case was a diversity case and hence is not in point on this issue. We believe it is clear that the Government is correct in its contention that federal law controls in this case and that under the applicable principles the Arkansas statute should not be applied.

■ The rule governing this case is that while state law will be followed to

determine what security interests the Government obtains in its financial transactions in nationwide programs, federal law will be applied to determine what remedies are available to the Government to enforce its security interest. United States v. Stadium Apartments, Inc., 425 F.2d 358 (9th Cir. 1970); United States v. Chester Park Apartments, Inc., 332 F.2d 1 (8th Cir.), cert. denied, 379 U.S. 901, 85 S.Ct. 191, 13 L. Ed.2d 176 (1964); United States v. Helz, 314 F.2d 301 (6th Cir. 1963); United States v. View Crest Garden Apartments, Inc., 268 F.2d 380 (9th Cir.), cert. denied, 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120 (1959).

In applying this rule in the area of federal mortgages, the courts have held that the United States is entitled to a receiver to manage the foreclosed property, despite local law to the contrary, United States v. Chester Park Apartments, Inc., *supra*, and United States v. View Crest Garden Apartments, Inc., *supra*; that the local law of coverture is not a defense to a personal judgment based on a note secured by a federal mortgage, United States v. Helz, *supra*; that the United States is entitled to a deficiency judgment following a foreclosure sale, despite local laws prohibiting deficiency judgments, United States v. Wells, 403 F.2d 596 (5th Cir. 1968); that the United States is not bound by state law regarding the time in which a deficiency judgment must be sought, United States v. Merrick Sponsor Corp., 421 F.2d 1076 (2d Cir. 1970); and that the United States is not bound by state law allowing for the redemption of property after foreclosure, United States v. Stadium Apartments, Inc., *supra*.

In light of the foregoing authority, it seems evident that the Arkansas statute requiring foreclosure sales to be for credit and not for cash need not be applied to federal foreclosures, that is those foreclosures where the security interest is held in some manner by the United States Government. Even fewer policy justifications can be suggested for this Arkansas rule than for the oth-er local state rules discussed and rejected in the cases above. The appellants urge that the obvious purpose of the statute is that a sale for credit will result in a higher price than a sale for cash. This is speculation of the highest order, in view of the fact that the credit period is only for three to six months and, most significantly, that the credit purchaser must execute a bond with good surety for the amount of the purchase price. Under current practices, if a purchaser could get a surety bond guaranteeing that he would ultimately pay the amount he bid, he could get cash, or its immediate equivalent, through the means of a loan commitment from a reputable mortgage investor and possibly short term interim bank financing. It would indeed be unusual and foolhardy for a purchaser even to bid unless he had either cash or a loan commitment in hand at the time.

Since appellants have not briefed this issue for our benefit, it seems appropriate to note that in reaching our decision we have taken into consideration the case of United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), the only case we have found which even remotely suggests that the state rule should be applied in this case. The *Yazell* case involved a Small Business Administration disaster loan made to a Texas husband and wife which was secured by a chattel mortgage. Following a default on the loan and foreclosure of the mortgage, the United States sought a deficiency judgment against the husband and wife. Texas law provided that a married woman could not subject her separate property to the obligations of a loan until she first obtained a court decree removing her liability to contract. The Supreme Court held that federal policy would not override the state law protecting the wife's separate property.

In the case at bar, however, we deal with no statute limiting the extent of contractual obligations incurred by any maker of a mortgage note. We are concerned only with the details in the man-

ner in which a real estate mortgage need be foreclosed. Clearly, *Yazell* has no application here. We think it clear that the Arkansas restriction on the foreclosure remedy here was no more valid than the Idaho restriction in United States v. Stadium Apartments, Inc., *supra.*

The judgment of the District Court is affirmed.