UNITED STATES of America, Plaintiff,

v.

DUNN GARDEN APARTMENTS, INC., et al., Defendants.

Civ. A. No. 8271.

United States District Court,
N. D. New York.

July 21, 1971.

Justin J. Mahoney, former U. S. Atty., James M. Sullivan, Jr., U. S. Atty., Syracuse, N. Y., for plaintiff; James P. Shanahan, former Asst. U. S. Atty., Edward I. Swichar, Atty., U. S. Dept. of Justice, Washington, D. C., of counsel.

Lee & LeForestier, Troy, N. Y., for defendants James C. Jerome, Edward A. Fitzgerald, Julia P. Fitzgerald, Empire State Associates, Inc.; Harry O. Lee, Troy, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

## MEMORANDUM-DECISION and ORDER

This foreclosure action is of ancient vintage. The complaint was filed in the Clerk's office September 20, 1960, when the late Theodore F. Bowes was United States Attorney for the District. The mortgage was on a large apartment complex, Dunn Garden Apartments in Troy, New York. The mortgage and note were executed August 9, 1950. The original amount of the mortgage note was $1,590,800.00 and the loan was insured by the Federal Housing Commissioner under the then pertinent provisions of the National Housing Act. There was a default in payment of a mortgage installment due June 1, 1959, and the then mortgagee, The New York State Teachers' Retirement System, exercised its option under the National Housing Act and assigned the mortgage to the Federal Housing Commissioner on April 14, 1960. There were large amounts of principal and interest due. This action was commenced, and after a judgment of foreclosure, at a Marshal's sale, there was only by bid recouped $774,176.51, leaving a deficiency of $1,218,579.00. A receiver had been appointed by Judge Brennan during the proceedings. The foreclosure procedures followed the routine course and there was a deficiency judgment finally entered against the mortgagor, defendant Dunn Garden Apartments, Inc., in the sum of $1,353,360.37 on March 9, 1965. This brief history is stated merely to show that the issues raised in the present motion for summary judgment by the government are or should be about at the last stages of this prolonged action, at least at the District Court level. The amounts sought in the summary judgment motion are substantial, but pale into insignificance when compared to the government financial loss described above.

In paragraph XIX of the complaint, it is alleged that defendant, Dunn Garden Apartments, Inc., with the knowledge of its officers, Jerome and the Fitzgeralds paid at least $24,279.00 to defendant, Empire State Associates, Inc., contrary to the assignment of rents clause in the mortgage set out in paragraph XVIII of the complaint and without the approval of the mortgagees. Paragraph XX charges that defendants, Jerome and the Fitzgeralds, as officers of the defendant, Dunn Garden Apartments, Inc., failed subsequent to the default in the mortgage to assure that all rental receipts alleged to be subject to the same rental assignment were deposited in the Dunn Garden Corporation bank account. Paragraph XX concludes that as of December 31, 1959, due to this failure $13,383.00 received in rentals are unaccounted for and have been diverted by such defendant corporate officers to the detriment of government plaintiff, described as Chief Creditor and owner of the rents.

These claims were severed from the substantial foreclosure action proper by Judge Brennan in a decision and order dated August 17, 1965. The Judge denied without prejudice the motion by defendants to dismiss these claims. In his usual clear style, the Judge discussed the issues in these severed claims and the important case law pertinent to them, but the motion was denied without prejudice. It was explained such ruling was deemed advisable inasmuch as certiorari had been granted by the United States Supreme Court in United States v. Yazell, 5 Cir., 334 F.2d 454, to await the ruling of the highest court that might possibly have important bearing on the questions in the two severed claims. The Supreme Court did affirm the Fifth Circuit ruling thereafter in 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404. The present motion for summary judgment presents again the same issues as were before Judge Brennan.

■ Summary judgment in favor of plaintiff for $24,279.00 plus interest against defendants, Empire State Associates, Inc., James C. Jerome, Edward A. Fitzgerald and Julia P. Fitzgerald, is prayed for, and for $13,838.00 plus interest against defendants, James C. Jerome, Edward A. Fitzgerald and Julia P. Fitzgerald. After analysis of the pleadings and the extensive past and present record and canvass of authoritative legal rulings, in my judgment, the plaintiff is entitled to prevail as a matter of law. The answer of defendants regarding the two claims do not contradict the essential facts upon which they were based and it seems clear there are no genuine issues of material fact present that need trial or are not subject to legal ruling upon settled case law that applies to the material factual circumstances. (See Dressler v. MV Sandpiper, 2 Cir., 331 F.2d 130; Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 233 F.2d 9; Empire Electronics Co., Inc. v. United States, 2 Cir., 311 F.2d 175).

■ The Yazell case that was awaited for Supreme Court ruling has little bearing on the mortgage foreclosure situation here in my judgment and the rent and claims made by the government in the two separate claims under consideration. In Yazell, Judge Fortas noted in the opening sentence that the case presented an aspect of the continuing problem of the interaction of federal and state laws in our complex federal system. However, the factual situation of Yazell is one of unusual nature and the ruling must be so confined. It has been distinguished by the Court of Appeals, Second Circuit, in United States v. Merrick Sponsor Corp., 2 Cir., 421 F.2d 1076. (See also United States v. Thompson, 8 Cir., 438 F.2d 254). The Merrick case involved the same kind of situation as here involving a question of the application of New York law in a foreclosure and sale on a mortgage insured by the Federal Housing Commissioner. The decision below in Merrick, reported in 294 F.Supp. 1048, that was affirmed, reviewed the major cases which laid down the doctrine that federal law applies in an action to foreclose a mortgage insured by and assigned to the FHA and pointed out that the Erie doctrine does not apply. There are a number of cases that settle the question that in these Federal Housing Administration programs and action in them by their nature are and must be uniform in their nature throughout the nation. (See United States v. Helz, 6 Cir., 314 F.2d 301; United States v. View Crest Garden Apts., Inc., 9 Cir., 268 F.2d 380; United States v. Stadium Apts., Inc., 9 Cir., 425 F.2d 358, cert. den., sub nom., Lynch as Atty.Gen. of Cal. v. United States, 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185; United States v. Thompson, supra.) In the landmark case, Clearfield Trust Co. v. United States, 318 U.S. 363, 367, 63 S.Ct. 573, 87 L.Ed. 838, it was emphasized that in the choice of the applicable federal rule, state law was occasionally selected but not when the desirability of a uniform rule is plain. The formidable array of case law above demonstrates to my mind that in this federal mortgage foreclosure proceeding the state law which the defend-

ants seek to invoke in regard to the rents is not applicable here. Under the mortgage clause in this instance, from its plain language, the mortgage holder acquired a lien upon the rents upon the occurrence of the default without requirement for other affirmative action. (United States v. Pine Hill Apts., Inc., 5 Cir., 261 F.2d 667, 670; View Crest Garden Apartments, Inc. v. United States, 9 Cir., 281 F.2d 844, cert. den., 364 U.S. 902, 81 S.Ct. 235, 5 L.Ed.2d 195).

In Empire State Collateral Co. v. Bay Realty Corporation (E.D.N.Y.) 232 F. Supp. 330, 335, the mortgage there did not contain the clause in this mortgage in clause 19 that provided expressly the rents at the time of default are hereby assigned to the holder of the mortgage. See also Ivor B. Clark Co. v. Hogan (S.D.N.Y.) 296 F.Supp. 398, 405. I agree with the government the presence of the clause in this mortgage is a vital distinction from Empire where such clause was lacking. A further important point is that in the mortgage here some covenants were noted by number reference to be construed as provided in Section 254 of the Real Property Law, McKinney's Consol.Laws, c. 50, New York, but paragraph 19, governing the rent assignments upon default is not among the other eight numbered paragraphs listed to be construed in accord with the particular New York statutes. The legal maxim of "Expressio unius est exclusio alterius" surely must be applicable from this exclusion to rule out the contention, if more support were needed, that New York law is not to be referred to on the rent issue. (Vol. 2, Sutherland Statutory Construction, Sections 4915, 4916).

▮▮ Also as insolvency is admitted in the answer, the United States by statute must be deemed in my view a chief and priority creditor. (31 U.S.C. § 191). The government as insurer of the mortgage was creditor from the date of the insurable obligation. (United States Fidelity & Guaranty Co. v. Centropolis Bank, 8 Cir., 17 F.2d 913, 917). De-

fendants so charged in the complaint must be held liable on the second claim under 31 U.S.C. § 192). (See Lakeshore Apartments, Inc. v. United States, 9 Cir., 351 F.2d 349). Defenses of laches, fraud, deceit, or incompetent supervision are not effective ones to be considered against the claims of the United States in a setting of this kind. (See United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614; United States v. Lawrence Towers, Inc. (E.D. N.Y.) 236 F.Supp. 208, 210–211; Choy v. Farragut Gardens 1, Inc. (S.D.N.Y.) 131 F.Supp. 609; United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283).

The motion by plaintiff for summary judgment is granted. An appropriate judgment in favor of the government for the relief prayed for and in accordance herewith shall be submitted if agreed upon; otherwise to be settled on three days notice.

It is so ordered.