Harold F. HOBBS, Plaintiff,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, Defendant.

No. 79–50–Civ–Oc.

United States District Court, M. D. Florida, Ocala Division.

Feb. 21, 1980.

Harold F. Hobbs, pro se.

John E. Lawlor, III, Asst. U. S. Atty., Jacksonville, Fla., James S. Green, Deputy Associate Gen. Counsel, Washington, D. C., for defendant.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

This is an action filed pro se to recover pension benefits paid to plaintiff's former spouse under a property settlement decree entered by the Superior Court of California and to declare the property settlement decree to be null and void. Both plaintiff and defendant, the United States Office of Personnel Management (OPM), have filed motions for summary judgment.

The following facts are not disputed. Plaintiff was a Civil Service employee of the federal government from 1938 to 1965 when he retired. During this period plaintiff was married. Upon plaintiff's retirement in 1965, he became entitled to and began receiving a monthly pension from the Federal Retirement Fund which is administered by the defendant.

On April 18, 1977, the marriage between plaintiff and Golden Bessie Hobbs was dissolved by a final judgment of the Superior Court of California, County of San Diego, Case No. DN 13101. The final judgment incorporated the terms of the interlocutory judgment entered on January 21, 1977. One term provided that:

The court finds that 88% of the respondent's [plaintiff in this action] retirement entitlement from Civil Service is community property and the petitioner is awarded 44% thereof as her sole and separate property . . . .. Respondent is ordered to request of the Civil Service Retirement Plan that the petitioner's 44% thereof be paid directly to petitioner.

No appeal was taken from the judgment.

In accordance with the terms of the final decree, plaintiff sent a copy of the judgment to the OPM requesting that 44% of his pension be paid directly to his former wife. While awaiting a reply from the OPM, plaintiff apparently paid the 44% due his former wife by his own personal check. In December of 1978, the OPM informed plaintiff that it would begin making payments directly to the former Mrs. Hobbs. Plaintiff, however, was given thirty days in which to file a written objection to the OPM's payment plan.

Plaintiff responded by letter attacking the legality of the state court judgment. Notwithstanding this objection, on April 1, 1979, the OPM began disbursing payments directly to the former Mrs. Hobbs. Plaintiff then filed this suit challenging the OPM's authority to make such a distribution.

Plaintiff's principal ground for attack is the allegations that the Superior Court of California exceeded its authority in assuming jurisdiction over plaintiff's retirement annuities. Plaintiff contends that the California court had no authority to treat his federal pension as community property. Thus, argues plaintiff, in disbursing 44% of the pension to the former wife, the OPM is executing an illegal court decree.

To begin with, plaintiff does not challenge the validity of the judgment of the California court in the sense that it was properly executed with the required formalities. Nor does plaintiff specifically request this Court to reverse or modify the judgment of the California court. However, the clear impact of a finding by this Court to the effect that the California court lacked

jurisdiction over the federal pension would be to do just that.

■ The judgment of the California court is immune from collateral attack unless it is found to be void. A void judgment is one which from the beginning was a complete nullity and without any legal effect. *Lubben v. Selective Service System*, 453 F.2d 645, 649 (1st Cir. 1972). However, a void judgment must be distinguished from a judgment based on an erroneous exercise in jurisdiction. A court has the power to determine the extent of its own jurisdiction and only when there is a clear usurpation of power will the decision be considered void. *Lubben v. Selective Service System*, 453 F.2d at 649; *Schlesinger v. Councilman*, 420 U.S. 738, 746, 95 S.Ct. 1300, 1307, 43 L.Ed.2d 591, 602 (1975). A judgment which is not void, even though it may be based on an erroneous exercise of jurisdiction, is subject to *res judicata* and can be reviewed only by direct appeal.

■ The decision of the Superior Court of California that plaintiff's retirement benefits were community property was not a clear usurpation of power. Thus, it is now *res judicata* and this Court has no authority to review it. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362, 365 (1923); *Sitton v. United States*, 413 F.2d 1386, 1389 (5th Cir. 1969), *cert. denied* 397 U.S. 988, 90 S.Ct. 1118, 25 L.Ed.2d 395. The appropriate avenue for review would be through the appellate courts of California and then by certiorari to the United States Supreme Court.

Not possessing the authority to rule on the correctness of the state court judgment, the Court must accept the decree and decide whether the action of OPM based upon the judgment was proper. The final decree of divorce was entered on April 19, 1977, and awarded plaintiff's former wife 44% of plaintiff's federal pension with instructions to plaintiff to request that the 44% be paid directly to the former wife. In September of 1978, the statutory scheme dealing with retirement benefits was amended. By Pub.L. 95–366, effective September 15, 1978, an addition was made to § 8345 providing that:

(j)(1) Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery by any other person.

(2) Paragraph (1) shall only apply to payments made by the Office under this subchapter after the date of receipt in the Office of written notice of such decree, order, or agreement, and such additional information and documentation as the Office may prescribe.

5 U.S.C. § 8345(j)(1) and (2). Correspondingly, § 8346 was also amended to provide for the exceptions created by the changes in § 8345.

(a) The money mentioned by this subchapter is not assignable, either in law or equity, except under the provisions of subsections (h) and (j) of section 8345 of this title, or subject to execution, levy, attachment, garnishment, or other legal process, except as otherwise may be provided by federal laws.

5 U.S.C. § 8346(a).

■ Based upon these amendments and the copy of the final judgment of divorce forwarded by plaintiff, the OPM commenced making payments directly to plaintiff's former wife in April of 1979. This is precisely what was intended by the legislative enactments. Indeed, the use of the word "shall" indicates that the OPM was under a legal duty to make the separate direct payment. That the payments were based on a decree of divorce entered before the amendments became effective has no effect on the OPM's duty to make the distribution. The intent of Congress, as evidenced by the Senate Committee Report,

was that the amendments would apply to divorces which took place before the date of enactment. S.Rep.No. 1084, 95 Cong., 2nd Sess. 3–4 (1978), U.S.Code Cong. & Admin. News, pp. 1381–82. However, the obligation of the OPM to make separate distribution is prospective only in the sense that it did not arise until the amendments became effective.

Thus, the actions of defendant, the OPM, in making payments directly to the former Mrs. Hobbs beginning in April of 1979, were in accordance with the statutory duties created by 5 U.S.C. § 8345(j)(1) and (2). A remarriage by plaintiff's former wife cannot alter these duties. Only a modification of the divorce decree can now affect the payment schedule. See S.Rep.No. 1084, 95 Cong., 2nd Sess. 4 (1978), U.S.Code Cong. & Admin.News, p. 1382. Although plaintiff's case is compelling from a domestic relations standpoint, this Court is without authority to grant the relief requested. Defendant's motion for summary judgment will be granted.