**Joseph BURGESS**

v.

**The UNITED STATES.**

**No. 324–82L.**

United States Claims Court.

Oct. 27, 1983.

Robert A. Newcomb, Little Rock, Ark., for plaintiff.

Rebecca A. Donnellan, Washington, D.C., for defendant; Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., of counsel.

### OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WHITE, Senior Judge.

Joseph Burgess, the plaintiff, asserts a claim for $84,000 in this action because the Government (represented by the Corps of Engineers, U.S. Army) allegedly "refuses to allow a septic tank to be installed" below the 491-foot elevation, mean sea level (m.s. l.), on a 1.59-acre parcel of land located in Van Buren County, Arkansas.

The defendant has filed a motion for summary judgment.

It appears that the defendant's motion should be granted.

### The Facts

The facts, as disclosed by the papers before the court, will be summarized in this part of the opinion.

In December 1959, by means of a condemnation proceeding in the United States

District Court for the Eastern District of Arkansas (Civil No. LR–60–C–22), the Government acquired the "perpetual right, power, privilege and easement, occasionally to overflow, flood, [and] submerge" certain tracts of land, totaling 1,051.99 acres, in Van Buren County, Arkansas. The easement further provided in part as follows:

\* \* \* together with all right, title, and interest in and to the structures and improvements now situate on the land; provided that no structures for human habitation shall be constructed or maintained on the land; and provided further that no other structures shall be constructed or maintained on the land except as may be approved in writing by said representative of the United States in charge of the project; reserving, however, to the landowners, their heirs and assigns, all such rights and privileges as may be used and enjoyed without interfering with or abridging the rights and easements hereby acquired \* \* \*.

The easement mentioned in the preceding paragraph was taken in connection with the Greers Ferry Dam and Reservoir project on the Little Red River in Arkansas.

One of the tracts involved in the taking, and included in the easement, was Tract No. 1917E, Greers Ferry Reservoir. The Government has the right, under the flowage easement, to flood Tract No. 1917E up to elevation 491' m.s.l.

The easement previously mentioned was acquired by the Government from Mildred Williams, Lester H. Williams, and Lillian Williams. As of the latter part of 1968, the rights that had been preserved to the landowners in the condemnation proceeding were vested in Mrs. Mildred Williams, then an elderly widow with limited means of support.

Mrs. Mildred Williams entered into a contract to sell to Jeff Stewart an area of land that included the 1.59-acre parcel in Tract No. 1917E that is involved in the present litigation. Mrs. Williams requested the Corps of Engineers to modify the easement so as to permit Mr. Stewart to construct a cottage extending into the easement area,

with the floor of the cottage to be above elevation 491' m.s.l. On March 28, 1969, the Government and Mrs. Williams entered into a "Partial Release of Restriction and Waiver of Damages." This document stated that the Government was "agreeable to a release of the human habitation restriction provided that any structure for human habitation have a floor elevation above elevation 491' m.s.l., but none other"; and then provided in part as follows:

NOW, THEREFORE, consent is hereby given to release of the human habitation restriction on \* \* \* [Tract No. 1917E], and in consideration of said release, Mildred Williams, for herself, her heirs, representatives, and assigns, does hereby release the United States of America from any and all claims for damages, or causes of action, which she has, or may have in the future, arising out of the operations of the Greers Ferry Reservoir, and agrees to save and hold harmless the United States of America from any and all claims pertaining to the use or occupancy of the released portion of said property arising from or incident to the flooding of the released portion of said property by the United States of America or flooding from any other causes or arising from or incident to any other Governmental activities.

Later, the plaintiff acquired the land which Jeff Stewart had purchased from Mrs. Mildred Williams, including the 1.59-acre parcel in Tract No. 1917E. The 1.59-acre parcel was, of course, subject to the flowage easement held by the Government, as modified by the partial release of March 28, 1969.

In about 1978, the plaintiff began the construction of a house on the 1.59-acre parcel of Tract No. 1917E that is involved in the present litigation. The floor level of the house was above elevation 491' m.s.l. In connection with the construction of the house, application was made to the Van Buren County Health Department for a permit to construct a septic system on the property. On August 14, 1978, the county Sanitarian approved the permit. Subse-

quently, however, on December 6, 1978, the county Sanitarian revoked the permit. The letter of revocation stated in part as follows:

> Since that time [August 14, 1978] it has been brought to my attention that you failed to list all pertinent information relating to the location of this septic system. To be specific, your design has the installation of this septic system below the 491 foot mark enforced by the Corps. of Engineers [sic].
>
> Because of this additional information I have no alternative but to return this permit to you. I cannot approve the construction of this septic system under the conditions you submitted to my office. Furthermore, if all the necessary information had been presented in the first place this permit would have been returned from the very beginning and perhaps many problems would have been avoided.

The present action followed the revocation of the permit for the construction of a septic system below the 491-foot level on the 1.59-acre parcel of land.

### Discussion

The complaint (formerly petition) alleges that the plaintiff has been unable to reside on the property because the Corps of Engineers, despite repeated requests by the plaintiff, refuses to allow a septic tank to be installed below elevation 491′ m.s.l. The complaint further says that the Corps of Engineers "should have known that any sewage system would have to be below floor level and therefore it is implied in the restriction release that a septic tank can be built in order to have a habitable residence with a floor level not below 491′ mean sea level." The complaint also alleges that "[t]he refusal of the Respondent's agents to allow Petitioner to use and enjoy his residence has caused him damages * * * in the sum of $84,000.00."

However, there is no allegation in the complaint, and no showing has otherwise been made by the plaintiff, to the effect that a septic system could not, as a practicable matter, be installed on the property above elevation 491′ m.s.l. This negates the plaintiff's contention that the Government, when it released the human habitation restriction on the land and agreed that a residence might be constructed there if the floor was above elevation 491′ m.s.l., should have known that the residence would not be habitable without a septic system below elevation 491′ m.s.l.

■ To the extent that the plaintiff is claiming an easement by implication under the law of Arkansas, it should be stated that under the law of Arkansas, it should be stated that this concept is not pertinent here. The circumstances under which an easement by implication comes into existence has been explained by the United States District Court for the Eastern District of Arkansas in the following language:

> * * * Where, during unity of title, a landowner imposes an apparently permanent and obvious servitude on part of his property in favor of another part, and where at the time of a later severance of ownership the servitude is in use and is reasonably necessary for the enjoyment of that part of the property favored by the servitude, then the servitude survives the severance and becomes an easement by implication. In order for such an easement to be established it must appear not only that the easement was obvious and apparently permanent but also that it is reasonably necessary for the enjoyment of the property, the term "necessary" meaning that there could be no other reasonable mode of enjoying the dominant tenement without the easement. An easement by implication does not arise merely because its use is convenient to the beneficial enjoyment of the dominant portion of the property * * *. [*United States v. Thompson,* 272 F.Supp. 774, 784–85 (E.D.Ark.1967), *aff'd,* 408 F.2d 1075 (8th Cir.1969), *further considered on other points,* 438 F.2d 254 (8th Cir.1971).]

■ In the first place, there was no "unity of title" in existence with respect to Tract No. 1917E as of the time when the

Government and Mrs. Mildred Williams agreed on the "Partial Release of Restriction and Waiver of Damages." The Government owned the flowage easement, together with the incidental rights that were obtained in the condemnation proceeding, while Mrs. Mildred Williams owned the other rights and privileges that had been reserved to the landowners in the condemnation proceeding.

In the second place, the "landowner" did not, at any relevant time, impose "an apparently permanent and obvious servitude on part of" Tract No. 1917E "in favor of another part" with respect to the installation of a septic system below elevation 491' m.s.l. What happened was that the Government, the holder of the flowage easement on Tract 1917E up to and including elevation 491' m.s.l., together with the right to prevent any structures for human habitation from being constructed or maintained on the land, merely gave a release of the human habitation restriction above elevation 491' m.s.l., in exchange for a release by Mrs. Mildred Williams of any and all claims for damages arising out of the operations of the Greers Ferry Reservoir, specifically including claims pertaining to the use or occupancy of the released portion of the property. There was nothing in the release which, either expressly or by necessary implication, permitted Mrs. Williams (or any successor in interest) to construct a septic system below elevation 491' m.s.l. Such permission would have been inconsistent with the purpose for which the Government acquired the easement in the first place, *i.e.,* "to provide for the construction and operation of a flood-control project and for other uses incident thereto" by obtaining "[t]he perpetual right, power, privilege and easement, occasionally to overflow, flood, [and] submerge" Tract No. 1917E up to elevation 491' m.s.l.

On the basis of the papers submitted to the court, the Government did not violate or infringe any legal right or interest of the plaintiff by refusing to consent to the issuance, by Van Buren County, of a permit for the construction of a septic system below elevation 491' m.s.l. on the 1.59-acre parcel involved in this action.

### Conclusion

The court concludes, on the basis of the papers before the court, that there is no genuine issue as to any material fact, and that the defendant is entitled to a judgment as a matter of law.

The defendant's motion for summary judgment is granted.

The complaint will be dismissed.

IT IS SO ORDERED.