## 24018. HARTLEY v. CALDWELL.

ARGUED APRIL 13, 1967—DECIDED APRIL 20, 1967—
REHEARING DENIED MAY 4, 1967.

*J. E. B. Stewart,* for appellant.

*Edenfield, Heyman & Sizemore, W. Dan Greer,* for appellee.

ALMAND, Presiding Justice. Shell Hartley, the appellant, presented an application for leave to file an information in the nature of a quo warranto to the Judge of DeKalb Superior Court to test the legal right of Shirling Sam Caldwell, the appellee, to hold the office of Commissioner of Labor of Georgia; and attached to the application was a petition setting out the information. The court instructed the parties to appear before it on February 6, 1967, to determine whether or not to grant the appellant leave to file the information. At this hearing the court fully heard both parties and allowed the appellee over the objection of the appellant to introduce into evidence an affidavit which denied one of appellant's material allegations relating to the disqualification of appellee to hold said office. The court denied the application for leave to file the information. The appeal assigns error on the admission of the affidavit into evidence and on the denial of the application.

This court has held in *Hunsucker v. Balkcom,* 220 Ga. 73 (2) (137 SE2d 43) "that ex parte affidavits should not be allowed in evidence in any trial where the evidence is finally adjudicated because it denies the privilege of cross examination as allowed by *Code* § 38-1705." See *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125). "In some jurisdictions the court may, in the exercise of its discretion, hear either the petition alone or affidavits on both sides; but it should not consider affidavits of respondent which merely deny facts alleged in the petition, or which set up facts which are proper subject matter of pleas." 74 CJS 206, Quo Warranto, § 21a. Further, in 2 CJS 985, Affidavits, § 28a (2), the general rule is stated as follows: "In the absence of an au-

thorizing statute or rule of court, ex parte affidavits may not be read in evidence in the determination of material issues of fact, although they are part of the files in the case; such matters are to be proved or controverted by the testimony of competent witnesses taken at the trial or by deposition, so as to permit cross-examination." In the instant case the appellee's affidavit directly denied one of the appellant's material allegations without allowing the appellant the opportunity to cross examine the affiant. Thus, it was error to admit the affidavit into evidence at this hearing. This error being material and substantial rendered further proceedings nugatory.

*Judgment reversed. All the Justices concur.*