**UNITED STATES of America, Appellant,**

v.

**John E. WELLS and Carole L. Wells et al., Appellees.**

**UNITED STATES of America, Appellant,**

v.

**Robert D. McKINLEY and Lillian M. McKinley, his wife, et al., Appellees.**

**UNITED STATES of America, Appellant,**

v.

**Chester Layman LEE and Norma C. Lee et al., Appellees.**

**Nos. 25794–25796.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1968.

Daniel Joseph, John C. Eldridge, James Greilsheimer, Attys., Dept. of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., William A. Meadows, Jr., U. S. Atty., by Robert L. Steuer, Asst. U. S. Atty., Miami, Fla., for appellant.

James F. Richland and Peggy C. Richland, pro se, and Samuel D. Wallace, Miami, Fla., for appellees.

Robert D. McKinley, pro se.

James and Dorothy C. Wiggins, pro se.

Chester Layman Lee and Norma C. Lee, pro se.

Henry Roberts and Shirley Roberts, pro se.

Before BELL and MORGAN, Circuit Judges and GUINN, District Judge.

GRIFFIN B. BELL, Circuit Judge:

These appeals present important questions in the administration of the loan program of the Veterans Administration. The specific question, one of first impression, is whether deficiency judgments should have been granted the Unit-

ed States for balances due following foreclosure of mortgages on properties sold to non-veterans under the Vendee Account Loan program by the Administrator of Veterans Affairs.[1]

Appellees purchased homes directly from the Administrator and in partial payment therefor gave notes secured by purchase money mortgages. The properties had previously been acquired by the Veterans Administration by reason of defaults under the Loan Guaranty program for veterans. The Authority to so acquire and then to sell the properties under the so-called Vendee Account Loan program is found in 38 U.S.C.A. § 1820(a) (5):

> "Notwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Administrator may—
>
> *   *   *   *   *   *
>
> "(5) purchase at any sale, public or private, upon such terms and for such prices as he determines to be reasonable, and take title to, property, real, personal or mixed; and similarly sell, at public or private sale, exchange, assign, convey, or otherwise dispose of any such property; * *."

The loan, in each of the cases, was foreclosed pursuant to orders of the district court. The high bidder at each foreclosure sale was the Administrator of Veterans Affairs. The foreclosure sales were confirmed by the district court but the deficiency judgments for the balances due were denied in each case. We reverse.

The bids were based on appraised value. There was a balance due on the Lee loan after foreclosure of $2,753.90;

on the Wells loan, $2,514.66; and on the McKinley loan, $2,280.40. The foreclosure sale prices were not contested nor were the balances due.

The denial of deficiency judgments was based on what the district court stated, in conclusionary terms, as equitable considerations. The fact is, however, that we are unable to discern a factual basis in the records before us for applying equitable considerations. The equitable consideration standard followed by the district court is found in the Florida law, F.S.A. § 702.06, which permits the award of deficiency judgments in the sound discretion of the court. Sound judicial discretion, in turn, means not an absolute or unbridled discretion but " * * * in denial of a deficiency decree must be supported by disclosed equitable considerations which constitute sound and sufficient reasons for such actions." Galloway v. Musgrave, Fla.App.1963, 154 So.2d 846, 851. See also Frank v. Levine, Fla. App., 1964, 159 So.2d 665.

The appeals of the United States, which we have consolidated for opinion purposes, are based on two contentions. First, it is urged the district court erred in not applying federal law and that under federal law deficiency judgments would have been forthcoming. Second, and in any event, deficiency judgments were due even under the Florida law.

■ We hold that federal law does apply in such situations. The national loan program of the Veterans Administration cannot be subjected to the vagaries of the various state laws which might otherwise control all or some

---

1. This program is not to be confused with the Loan Guaranty program of the Veterans Administration, operated pursuant to regulations promulgated by the Administrator under 38 U.S.C.A. § 210(c), §§ 1801–1810, 1816(a), 1820. See 38 C.F.R. 36.4000–36.4600. For cases involving deficiency judgments under guaranty agreements where the administrator suffered a loss over and above the proceeds realized through foreclosure, see

McKnight v. United States, 9 Cir., 1958, 259 F.2d 540; United States v. Jones, M.D.Ga., 1957, 155 F.Supp. 52; United States v. Henderson, S.D.Iowa, 1953, 121 F.Supp. 343. Cf. United States v. Shimer, 1961, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908. These cases make it clear that in such situations the Veterans Administration has an independent right of indemnity which arises under the guaranty agreement.

phases of the loan program. This has been the uniform holding of the courts with respect to the Veterans Loan Guaranty program and we think the reasoning applies with equal force to the Vendee Loan program. See United States v. Shimer, and McKnight v. United States, cited supra, footnote (1). We have no clear statutory authority for overriding the state law, nor do we have regulations promulgated pursuant to a federal statute as in United States v. Shimer, supra, cf. United States v. Yazell, 1966, 382 U.S. 341, 352, 86 S.Ct. 500, 15 L.Ed.2d 404. Nevertheless, we think this is a typical situation where under the Rules of Decision Act, 28 U.S.C.A. § 1652, Congress has indicated that federal law should be applied to questions of federal rights and liabilities stemming from a federal program. Cf. Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 366, 63 S.Ct. 573, 87 L.Ed. 838; United States v. Sylacauga Properties, Inc., 5 Cir., 1963, 323 F.2d 487; United States v. View Crest Garden Apts., Inc., 9 Cir., 1959, 268 F.2d 380; United States v. Walker-Park Realty, Inc., 2 Cir., 1967, 383 F.2d 732. Cf. also Transamerica Insurance Company v. Red Top Metal, Inc., 5 Cir., 1967, 384 F.2d 752; Lawrence v. United States, 5 Cir., 1967, 378 F.2d 452. The application of federal law is particularly needed to assure the uniform administration of the nationwide Veterans Administration loan program.

■ Having determined that the federal law applies, we must divine the federal law as it relates to deficiency judgments under the circumstances presented here. We do not doubt that a deficiency judgment is a remedy afforded the United States to recover any portion of its debt which may not have been satisfied by the proceeds from a foreclosure sale. See United States v. Walker Park Realty, Inc., supra; United States v. Flower Manor, Inc., 3 Cir., 1965, 344 F.2d 958; and Herlong-Sierra Homes, Inc. v. United States, 9 Cir., 1966, 358 F.2d 300, all involving deficiency judgments following foreclosure of FHA mortgages. The *Herlong-Sierra* case affirmed an unreported opinion which held that the United States would be entitled to a deficiency judgment following a FHA mortgage foreclosure. United States v. Herlong-Sierra Homes, Inc., Civil Action No. 7735, N.D.Cal., Northern Division, opinion filed June 8, 1964.

■ The deficiencies here are due the Administrator on the notes of the defendants-mortgagors. A portion of the sums due under each note was satisfied by the foreclosure sale receipts. There are balances due which are being asserted against the defendants-mortgagors personally as distinguished from the in rem foreclosure proceedings. The district court has jurisdiction to award deficiency judgments. 2 Moore's Fed. Practice, ¶ 2.06 [8], pp. 393–394.

■ The defenses which may be asserted to a claim for deficiency judgment where the United States is the creditor have not been delineated by statute. They are the traditional defenses. One which has been fashioned in case law is that a sale under a foreclosure may be set aside for the inadequacy of the sales price if the inadequacy was so gross as to shock the conscience. Magnolia Springs Apts., Inc. v. United States, 5 Cir., 1963, 323 F.2d 726. There may be defenses in law such as release or disputing service or the balance due, or in equity such as laches or estoppel.

This federal standard is imposed under the federal common law doctrine once it is concluded that federal law applies. Wright, Federal Courts, § 60, pp. 213–218. It may or may not differ from the standard of the Florida statute, supra, that the deficiency judgment be awarded in the "sound judicial discretion." In any event the records in these cases disclose no basis for denying the deficiency judgments.

Reversed and remanded for further proceedings not inconsistent herewith.