Dr. Henry Lewis STOUTZ, III and Mrs. Fancher Marie Stoutz Coe, as Transferees of the Estate of Ruth Harvey Fancher Stoutz, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 30855.

United States Court of Appeals, Fifth Circuit.

March 18, 1971.

Rehearing Denied April 28, 1971.

Louis B. Graham, Graham, Graham & Kiefer, New Orleans, La., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Meyer Rothwacks, Janet R. Spragens, Attys., Washington, D. C., Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Helen E. Marmoll, U. S. Dept. Of Justice, Washington, D. C., Bennet N. Hollander, Atty., Tax Division, Department of Justice, Washington, D. C., for appellee.

Before GEWIN, BELL and ALDISERT,* Circuit Judges.

PER CURIAM:

We affirm the judgment of the district court for the reasons set forth in its adjudication 324 F.Supp. 197. The proceedings are remanded to the district court for consideration of the question whether the estate of Ruth Harvey Fancher Stoutz may be entitled to an additional deduction in the computation of the estate tax for the attorneys' fee and costs of processing this appeal.

Affirmed and remanded.

---

UNITED STATES of America, Plaintiff-Appellant,

v.

Juanita PHILLIPS, a single woman, Defendant-Appellee,

Billy Joe Green and Anita Elaine Green, his wife, Defendants.

No. 30419.

United States Court of Appeals, Fifth Circuit.

April 16, 1971.

John L. Briggs, U. S. Atty., William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander, Daniel Joseph, Dept. of Justice, Washington, D. C., for appellant.

Juanita Phillips, pro se.

Before WISDOM, BELL, and AINSWORTH, Circuit Judges.

PER CURIAM:

This appeal by the government is from an order denying a deficiency judgment in connection with the foreclosure of a real estate mortgage on properties sold to non-veterans under the Vendee Account Loan program by the Administrator of Veterans Affairs. The controlling principles of law are set forth in United States v. Wells, 5 Cir., 1968, 403 F.2d 596. The deficiency judgment here was denied on what the court termed as equitable considerations. We are unable to find any basis in the record for any such consideration or for denying the deficiency judgment. The judgment appealed from must be reversed with direction that judgment be entered for the United States.

Reversed with direction.

* Of the Third Circuit, sitting by designation.