v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent-Cross Petitioner.

No. 71–1119.

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1971.

**UNITED STATES of America,**
Plaintiff-Appellant,

v.

**Marvin HARE, and Louise M. Hare, his wife,** Defendants-Appellees.

**UNITED STATES of America,**
Plaintiff-Appellant,

v.

**Regis RYAN et al.,** Defendants-Appellees.

Nos. 71–1789, 71–1917
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**780**

only for $675, the estimated cost of repairs needed for the house in question.

The principles of law governing these cases were stated in United States v. Wells, supra, and need not be reiterated here. We are unable to find any basis in law for the district court's persistent refusal to grant deficiency judgments to the United States in cases of this nature. The judgments appealed from are reversed with direction that judgment be entered for the United States.

Reversed with direction.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., Walter H. Fleischer, Michael H. Stein, Attys., Dept. of Justice, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., for plaintiff-appellant.

Marvin Hare, pro se.

Regis Ryan, pro se.

Pamela J. Minneboo, pro se.

Otis E. Brown, Wilma R. Brown, pro se.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

These cases are the latest in a series of cases coming from Florida in which district courts have refused to grant deficiency judgments in foreclosure proceedings brought by the United States. See United States v. Wells, 5 Cir., 1968, 403 F.2d 596; United States v. Phillips, 5 Cir., 1971, 439 F.2d 1197. In *Hare*, the district court denied a deficiency judgment completely. In *Ryan*, the court granted a deficiency judgment