**UNITED STATES of America,**
**Plaintiff,**

v.

**COLUMBIA MILLING COMPANY, a**
**Florida corporation, et al.,**
**Defendants.**

**No. 70–1015–Civ.–J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

July 20, 1972.

John L. Briggs, U. S. Atty., for plaintiff.

Charles G. Felder, Gainesville, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFICIENCY JUDGMENT

CHARLES R. SCOTT, District Judge.

This cause came on for hearing on plaintiff's motion for deficiency judgment. Upon consideration of the evidence presented and the arguments of counsel, the court enters the following opinion and judgment.

### FINDINGS OF FACT

1. Summary Judgment was entered herein on January 27, 1972 ordering Columbia Milling Company, a Florida corporation; Billy Gene Johnson and Ruby D. Johnson, his wife; Wayne Boyette and Ethel D. Boyette, his wife, to pay $384,102.53, plus interest accrued through June 24, 1970 in the amount of $12,979.46, with interest accruing thereafter at the daily rate of $64.017088 until payment is received by plaintiff. This amount was found to be due plaintiff by defendants Columbia Milling Company, a Florida corporation; Billy Gene Johnson and Ruby D. Johnson, his wife; Wayne Boyette and Ethel D. Boyette, his wife, and in default of payment thereof the real and personal property which formed the collateral for the Small Business Administration loan to defendant Columbia Milling Company, which loan was unconditionally guaranteed by defendants Billy Gene Johnson and Ruby D. Johnson, his wife, and Wayne Boyette and Ethel D. Boyette, his wife, was ordered to be sold by the United States Marshal at public outcry.

2. Defendants Columbia Milling Company, a Florida corporation; Billy Gene Johnson and Ruby D. Johnson, his wife; Wayne Boyette and Ethel D. Boyette, his wife, defaulted in the payment of the amount decreed by the court and, as directed, said property was sold at public outcry for $210,015.00. Subse-

quently, on March 20, 1972 this court entered an order confirming sale and a Marshal's deed to the property was given to the Small Business Administration, purchaser at the foreclosure sale.

3. The Marshal's sale described above was conducted properly and in a manner prescribed by the court in its Summary Judgment.

4. There remains a deficiency amount due plaintiff by said defendants under the court's Summary Judgment in the sum of $185,294.38 plus interest as of April 24, 1972 in the amount of $44,465.61, with interest accruing thereafter at the daily rate of $30.882411 until paid, as shown in the certified statement of account attached to plaintiff's motion for deficiency judgment.

## CONCLUSIONS OF LAW

1. Federal law controls the rights of parties to Small Business Administration loan guaranty agreements, and particularly to the granting of deficiency decrees arising therefrom. St. Petersburg Bank and Trust Co. v. Boutin, 445 F.2d 1028 (5th Cir. 1971); First National Bank, Henrietta v. Small Business Administration, 429 F.2d 280 (5th Cir. 1970); United States v. Skipper Smith's Marina Inc., 283 F.Supp. 408 (S.D.Fla.1968).

2. Deficiency judgments are available to the United States and the United States is entitled to receive deficiency judgments under the controlling principles delineated in United States v. Wells, 403 F.2d 596 (5th Cir. 1968). United States v. Hare, 448 F.2d 779 (5th Cir. 1971); United States v. Phillips, 439 F.2d 1197 (5th Cir. 1971).

3. The principal defense raised to this deficiency judgment by the only defendants responding to this motion, Wayne Boyette and Ethel D. Boyette, is that the price received at the foreclosure sale was so gross as to shock the conscience. This defense is without merit, and the court holds specifically that the price realized at the foreclosure sale is not so low as to shock the conscience of the court and that it was in fact an adequate price for the sale of this property. Wayne and Ethel D. Boyette raised the related defense that the Small Business Administration was so negligent in their misapplication of the real and personal property which formed the collateral for this loan that a grossly inadequate amount was realized at the foreclosure sale. They claim therefore that they should be entitled to a setoff for the full value of the security against the amount otherwise due under the guaranty agreement. To the extent that this is a correct defense to the deficiency judgment sought here, the court finds that the Small Business Administration did not so negligently misapply the security for this loan as to entitle defendants to any such setoff.

4. Defendants Wayne Boyette and Ethel D. Boyette raised the additional defense that the correct amount of the deficiency has not been sufficiently established. The court finds, however, that the affidavit and certified statement of account attached to plaintiff's motion for deficiency judgment does adequately state the correct amount of the deficiency. See United States v. Hart, 312 F.2d 127 (6th Cir. 1963).

It is therefore ordered and adjudged:

1. That plaintiff's motion for deficiency judgment be and the same is hereby granted against defendants Columbia Milling Company, a Florida corporation; Billy Gene Johnson and Ruby D. Johnson, his wife; Wayne Boyette and Ethel D. Boyette, his wife.

2. That plaintiff, United States of America, shall have and recover of and from defendants, Columbia Milling Company, a Florida corporation; Billy Gene Johnson and Ruby D. Johnson, his wife; Wayne Boyette and Ethel D. Boyette, his wife, the sum of $185,294.38, with interest in the amount of $44,465.61 accrued to April 24, 1972, and interest therafter at the daily rate of $30.882411, until paid, and the reasonable costs necessarily arising from this action, for which amounts let execution issue.

3. That defendants, Columbia Milling Company, a Florida corporation; Billy Gene Johnson and Ruby D. Johnson, his wife; Wayne Boyette and Ethel D. Boyette, his wife, are jointly and severally liable for the payment of this judgment.

4. That the court retain jurisdiction of this cause and of the defendants for the purpose of making such other and further orders and judgments as the nature of the case may require.