### 53173. LEWIS et al. v. FIRST NATIONAL BANK OF ATLANTA.

MARSHALL, Judge.

Appellants Lewis, Jackson, Stone, Strother, Sr., and Strother, Jr., bring this appeal from the order and judgment of the Superior Court of Fulton County confirming the sale of property pursuant to a power contained in a security deed, conducted by the appellee creditor, First National Bank.

It is conceded by the parties that the sale was conducted in a lawful manner following appropriate advertising. The facts necessary to a disposition of this case indicate that approximately two weeks prior to the confirmation hearing, the superior court judge held an unrecorded conference to determine the procedure to be followed at the confirmation hearing. The trial court apparently indicated its belief that the hearing was of the same nature as a motion. The court requested counsel to submit the issues to the court by way of affidavit and deposition rather than through the calling of witnesses. This procedure is authorized by Rule 20 of the Superior Court of Fulton County. It appears from the transcript that counsel for both sides agreed to submit the issues on affidavits and depositions. Though ultimately at the hearing ten documents were tendered and accepted by the court, the bone of contention arose over professional appraisals by experts for the appellants and appellee. Initially the court directed that depositions would be paid for by the party offering the deposition and authorized the deposition of the First National Bank's appraiser. Because the two appraisers were approximately $2,500,000 apart in their estimates and opinions, appellants elected to forgo the taking of the deposition

for purposes of cross examination. However, the day before the confirmation hearing, appellants were furnished with a second affidavit of the bank's appraiser which was critical of the appraisal made by appellants' appraiser and tended to explain away the $2,500,000 difference in opinion. Appellants then raised an objection to the use of the second affidavit of the bank's appraiser.

At the confirmation hearing appellants objected to the use of any and all affidavits on the ground that the nature of the hearing demanded the calling of live witnesses with the concomitant right of cross examination. The trial court overruled the objection but offered to continue the hearing in order to allow appellants to take the deposition of the bank's appraiser or offer additional documentary evidence. The appellants declined the offer to take the deposition or to offer additional evidence and moved that the sale of the property not be confirmed on the ground that the court had no competent evidence upon which to base a ruling or order. Appellants urge as error that the order confirming the sale was improper because the appellants were denied the hearing contemplated by law. *Held:*

Ga. L. 1935, p. 381 (Code Ann. §§ 67-1503 — 67-1505) are the governing statutory provisions. In pertinent part, these Code sections provide that following a mortgage foreclosure sale, if confirmation is desired, the seller must report the sale to the superior court and seek to obtain an order of confirmation and approval. The court must require evidence to establish true market value and may not confirm such a sale unless the court is satisfied that the property brought its true market value. Prior to considering such evidence, the court must give notice of the hearing and at the hearing the court shall pass on the legality of notice, advertisement and regularity of the sale. In this case we are not concerned with the sufficiency of notice or advertisement or regularity of the sale.

It is at once obvious that the statutory provisions require a hearing and the taking of evidence. However, the statutes do not indicate the nature of that evidence or in what manner the hearing must be conducted. Nor can we find judicial elucidation within this state directly upon

this point. The case of *Rogers v. Rogers,* 103 Ga. 763, 764 (30 SE 659) considered the following language: "After hearing both parties, and evidence as to all the circumstances of the parties..." and concluded, "We think that under this section the judge is not compelled to hear the parties and their witnesses orally. He can hear them and the evidence either orally or by affidavits, as he may deem best. It is a matter within his discretion." However, we are constrained to observe that the court in that case was considering an application for temporary alimony, a matter of preliminary investigation, interlocutory in nature and subject to review and modification at any time. We accept as a better rule one holding that ex parte affidavits should not be allowed in evidence in any trial where the evidence is finally adjudicated because it denies the privilege of cross examination as allowed by Code § 38-1705. See *Hartley v. Caldwell,* 223 Ga. 333 (155 SE2d 389); *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125).

It is stated in 2A CJS 503, Affidavits, § 58: "... in the absence of an authorizing statute or rule of court, ex parte affidavits may not be read in evidence in the determination of material issues of fact, although they are part of the files in the case; ... [such matters] are to be proved or controverted by the testimony of competent witnesses taken at the trial or by deposition, so as to permit cross-examination; ..."

We are again constrained to conclude that in the face of timely objection to the use of affidavits, a superior court should conduct such a confirmation hearing by way of testimony, including the use of depositions, so that the right of confrontation and cross examination may be afforded. However, this conclusion does not yield a solution to this controversy. Inasmuch as the statute does not specifically require the taking of evidence by oral testimony nor is a jury trial mandated, the failure to proceed in such a fashion does not raise itself to the sort of inherently personal and fundamental right which may not be waived. See Winters v. Cook, 489 F2d 174, 179. In this, as in procedural matters generally, one must assert his rights properly, or face the possibility of their being lost forever. *Bostick v. Ricketts,* 236 Ga. 304, 306 (223 SE2d 686).

In this case appellants appeared at a pre-trial conference and agreed to submit this case on affidavits and depositions. Appellants were afforded the right to take the deposition of the bank's appraiser and declined to do so. Even at the hearing the appellants were given the opportunity to offer additional evidence and to have a continuance to take the deposition they desired. Appellants expressly declined to request the delay or the opportunity to take the deposition and belatedly rested their position on the contention that the type of evidence on which they had agreed initially to submit the case to the trial court suddenly was of no probative value. Under the facts of this case, we consider such conduct as constituting a waiver of any right to insist upon evidence by way of oral testimony. The objection in this case simply was not filed timely. Appellants are bound by their own initial agreement and subsequent conduct to present this case by way of affidavits. See *Classic Enterprises, Inc. v. Continental Mtg. Investors,* 135 Ga. App. 105, 107 (217 SE2d 411).

We conclude that the better practice is to conduct a confirmation hearing by way of testimony, but that affidavit evidence, by agreement will satisfy the requirements of Code §§ 67-1503 — 67-1505. In this case, though there was conflicting evidence as to true market value, the evidence supports the conclusions of the superior court confirming the sale.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 5, 1977 — DECIDED FEBRUARY 22, 1977.

*Scheer & Elsner, Robert A. Elsner, Paul R. Jordan,* for appellants.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., P. Joseph McGee,* for appellee.