Herbert P. REARDON and John E. Reardon, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 77–2145

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1978.

C. McVea Oliver, Monroe, La., for plaintiffs-appellants.

Edward L. Shaheen, U. S. Atty., Shreveport, La., Gilbert E. Andrews, Act. Chief, Appellate Section, M. Carr Ferguson, Asst. Atty. Gen., Ann B. Durney, Atty., Anthony Ilardi, Jr., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

In this federal estate tax dispute, the Government valued the property in a Louisiana estate at the time taxpayers received a judgment of possession, asserting that the judgment represented a "distribution" within the meaning of 26 U.S.C.A. § 2032(a)(1) (1967) (amended 1970, 1976). *See Stoutz v. United States,* 324 F.Supp. 197, 200–203 (E.D.La.1970), *aff'd,* 439 F.2d 1197 (5th Cir. 1971). The taxpayers would distinguish *Stoutz* on the ground that the succession here was intestate, the heirs were seized of the succession as of the moment of death, and the judgment of possession worked no change in their rights. As the district court reasoned, however, the judgment closed the succession and gave possession to heirs who previously had only enjoyed a temporary presumption of ownership, which they could have rejected.

We thus hold that when Louisiana taxpayers receive, as heirs to a succession, a judgment of possession, that judgment constitutes a "distribution" for fixing the date · on which the property may be alternatively valued for federal tax purposes under 26

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

U.S.C.A. § 2032(a)(1) (1967) (amended 1970, 1976), even though the heirs obtained the judgment in intestacy proceedings under La.Code Civ.Pro.Ann. art. 3004 (West Supp. 1977), rather than in testate succession under La.Code Civ.Pro.Ann. art. 3031 (1961).

We affirm on the reasoning of the district court's opinion, *Reardon v. United States*, 429 F.Supp. 540 (W.D.La.1977). *Cf. Land v. United States*, 565 F.2d 355 (5th Cir.), *aff'g*, 429 F.Supp. 545 (W.D.La.1977).

AFFIRMED.