## 57596. RUDD v. THE STATE.

McMurray, Presiding Judge.

On May 19, 1978, petitioner was tried before the trial court sitting without a jury. By order dated June 6, 1978, the trial court found petitioner "Not Guilty by Reason of Insanity, pursuant to Georgia Code Annotated 27-1503 [Code Ann. § 27-1503 (Ga. L. 1977, pp. 1293, 1295)]."

Thereafter, upon the petition of Mr. Rudd for his release, a hearing was held on August 18, 1978, to determine whether petitioner meets the civil commitment criteria. At this hearing, after some evidence had been presented, the trial court announced that it was going to "suspend this hearing" until the petitioner could be examined by a Dr. Middleton who, according to testimony, had been treating petitioner for several years. The trial court expressed its intention to find out when Dr. Middleton could see the petitioner and when he would be available to testify and to reset the matter for a hearing at a later date. The trial court entered an order that the record be kept open to receive further evidence and that the petitioner be examined by Dr. Middleton or his designee and a report be filed with the court after which both petitioner and the state should be given an opportunity to present further evidence.

By an order dated September 6, 1978, the trial court found that petitioner is potentially dangerous to himself and others and cannot be safely released from Central State Hospital. Defendant was ordered recommitted to Central State Hospital. It is apparent from the court's order that in reaching this conclusion it considered a letter to the court from Dr. Betty Gray, a psychiatrist, reporting her evaluation of defendant on August 24, 1978, six days after the suspended hearing.

Petitioner appeals, contending that the findings and

conclusions of the trial court are not supported by any evidence, and the trial court erred in considering the letter written by Dr. Betty Gray since her testimony was not subject to cross examination. The letter from Dr. Gray is contained in the record but it is not apparent from the record whether she is a designee of Dr. Middleton. Nor does the record show any resumption of the suspended hearing or opportunity of the parties to present any further evidence. *Held:*

Code § 38-1705 sets forth the right of every party to cross examination, thorough and sifting, of the witnesses called against him. The trial court's consideration of the ex parte report submitted by Dr. Betty Gray of her evaluation of defendant denied him this right. See in this regard *Hartley v. Caldwell,* 223 Ga. 333 (155 SE2d 389).

*Judgment reversed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED JUNE 7, 1979.

*Whitehurst, Cohen & Blackburn, R. Bruce Warren,* for appellant.

*H. Lamar Cole, District Attorney, Alden W. Snead, Assistant District Attorney,* for appellee.