UNITED STATES of America

v.

Roy M. SMITH and Constance M. Smith.

Civ. A. No. C78–62N.

United States District Court,
N. D. Georgia,
Newnan Division.

Nov. 9, 1979.

William L. Harper, U. S. Atty., Barbara A. Harris, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

## ORDER

TIDWELL, District Judge.

Plaintiff filed a Motion for Confirmation of Sale, pursuant to a Final Decree of Foreclosure entered on May 25, 1979 in this civil action to foreclose a deed to secure debt executed by Defendants in favor of the United States, through the Farmers Home Administration of the Department of Agriculture. The property is located in Troup County, Georgia, and was sold by the U.S. Marshal on August 14, 1979 to the Plaintiff.

Despite the fact that the sale was not conducted pursuant to a power contained in the deed to secure debt (as that procedure is presently under attack in the Southern District of Georgia, *Atkins v. United States*), confirmation is sought pursuant to the Georgia confirmation statute applicable to sales under such powers. *Ga.Code Ann.* § 67–1503 provides that:

> "When any real estate is sold on foreclosure, *without legal process, under powers contained in security deeds,* . . . and at such sale said real estate does not bring the amount of the debt secured by such deed . . . no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon." (emphasis supplied)

■ The first issue to be resolved is whether confirmation of the present sale is necessary at all. Plaintiff is not seeking a deficiency judgment. Not only the terms of the Georgia statute, but also federal and state judicial interpretations thereof support the proposition that confirmation is not necessary unless a deficiency judgment is sought. *United States v. Golf Club Co.*, 435 F.2d 9, 10 (5th Cir. 1970); *First Federal Savings and Loan Association of Rochester v. Fisher*, 422 F.Supp. 1, 3 (N.D.Ga.1976); *Vaughn & Co., Ltd. v. Saul*, 143 Ga.App. 74, 76, 237 S.E.2d 622 (1977). A pure application of *Ga.Code Ann.* § 67–1503 would therefore appear to require no confirmation at all in a case such as this, where (1) the sale was not conducted pursuant to a power, or (2) no deficiency judgment is sought.

Nevertheless, the Decree of Foreclosure and Sale entered on May 25, 1979, ordered that if the Plaintiff became the purchaser at the sale, the U.S. Marshal, or his Deputy, "shall make a report of the sale to this Court for confirmation". According to 28 U.S.C. § 2001(a), when any realty sold under any order or decree of any court of the United States shall be sold at public sale, such sale "shall be upon such terms and conditions as the court directs". It was therefore within the Court's discretion to order confirmation as a term and condition of this public judicial sale. *See United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3rd Cir. 1967).

■ The next issue arises from Plaintiff's assertion that:

"this confirmation action is properly before the court and state law controls

. . . .

Georgia's law controls the rights of the parties because there is no federal interest involved in this case that warrants overriding the Georgia law governing mortgages on real property and confirmation of sales."

An examination of whether state law should be applied in this case follows. Preliminarily, it should be noted that the jurisdiction of this Court is predicated on 28 U.S.C. § 1345, the United States being the party that commenced this civil action. Consequently, the "*Erie* rule" requiring adherence to the appropriate substantive law of a particular state in diversity cases becomes inapposite. *Unites States v. Williams*, 441 F.2d 637, 643 (5th Cir. 1971). Nonetheless, it has been stated that in the absence of a contravening federal statute or policy, suits by the Government to protect its proprietary interests in land are local in nature, such that the law of the state where the land is located should be applied. *Mason v. United States*, 260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396 (1923); *United States v. Williams, supra* at p. 643. Such would be the case, for example, in a boundary dispute involving the United States. *See United States v. Williams, supra*. In *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404, the United States Supreme Court upheld the applicability of state law in original federal jurisdiction cases where the "peculiarly state province of family or family-property arrangements" were involved, and where there was no overriding need for the uniformity which application of federal law would produce. *United States v. Yazell, supra*, at pp. 353, 355, 86 S.Ct. 500. *See also Sitton v. United States*, 413 F.2d 1386, 1388 (5th Cir. 1969).

Perhaps because of the contractual nature of the power of sale provisions in security deeds and mortgages, and because of the view that such provisions are a traditional creditor's remedy under state law, state statutes governing their exercise (including the Georgia statute relied upon by Plaintiff) have been applied by the federal courts. *United States v. Golf Club Co., supra*, at p. 10; *F.D.I.C. v. M. C. Honea, Inc.*, 440 F.Supp. 1064 (N.D.Ga.1977). *See also Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 359 (5th Cir. 1977).

On the other hand, there are indications that when the administration of a federal loan program would be jeopardized if subjected to "the vagaries of the various state laws which might otherwise control all or some phases" of such program, federal law should be applied. *See United States v. Wells*, 403 F.2d 596 (5th Cir. 1968). In

*United States v. Hext,* 444 F.2d 804 (5th Cir. 1971), the Fifth Circuit held that the need for uniform federal interpretation dictated that the rights and liabilities of parties to suits arising from Farmers Home Administration loan transactions (the same agency involved in this case) be determined with reference to federal law. *Id.,* at p. 809 (that case, however, involved a chattel mortgage). Other instances in which federal law has been held applicable to federal loan enforcement actions are *First National Bank, Henrietta v. Small Business Administration,* 429 F.2d 280 (5th Cir. 1970); *United States v. Columbia Milling Co.,* 379 F.Supp. 225 (D.Fla.1972), aff'd, 497 F.2d 1367 (5th Cir. 1974) (Small Business Administration loan cases).

Apparently included among the factors to be considered is the language of the particular loan documents with regard to the intent of the parties on the governance of state or federal law. *See Ricks v. United States,* 434 F.Supp. 1262, 1265 (S.D.Ga. 1976). The deed to secure debt in the present case states that:

> "(19) Borrower recognizes that, pursuant to Federal law, the Government will not be bound by any present or future State laws . . . (b) prohibiting maintenance of an action for a deficiency judgment . . . . Borrower expressly waives the benefit of any such State laws."

(The Georgia confirmation statute would, of course, be included in this category).

█ Despite the foregoing, however, it appears that since the Government in the present case is not seeking, nor is being prevented from obtaining, a deficiency judgment (and is actually seeking to invoke state law), and because there appears to be no overriding interest here in applying federal as opposed to state standards for confirmation of sales (or setting aside of foreclosures), the Court concludes that in obtaining marketable title to the property, state law may, and should, be followed. *United States v. Yazell, supra,* 382 U.S. at p. 382, 86 S.Ct. 500. Therefore, the Court holds that if confirmation is to be had pursuant to the Court's Decree, the applicable standard in this case should be that of the state statute.

█ The Georgia confirmation statute requires that the trial judge make a determination as to whether the sale brought the property's true market value, *not* whether the price was grossly inadequate. *F.D.I.C. v. Ivey-Matherly Construction Co.,* 144 Ga. App. 313, 315, 241 S.E.2d 264 (1977). (The "grossly inadequate" standard is the federal standard. See *United States v. Wells, supra,* at p. 598; *Magnolia Springs Apts., Inc. v. United States,* 323 F.2d 726 (5th Cir. 1963).) It should also be noted that although *Ga.Code Ann.* § 67–1503 speaks in terms of confirmation by a state court judge, it has been held that when the statute is applicable to a federal proceeding, it is sufficient that the sale be reported to and confirmed by the judge of the federal court in which confirmation is sought. *F.D.I.C. v. M. C. Honea, Inc., supra,* at 1066.

█ Plaintiff has presented no evidence, by affidavit or otherwise, as to the fair market value on the date of the sale of the property in question.

> "The court must require evidence to establish true market value and may not confirm the sale unless the court is satisfied that the property brought its true market value."

*Lewis v. First National Bank of Atlanta,* 141 Ga.App. 338, 339–41, 233 S.E.2d 465 (1977).

Having chosen to rely on the state statute for confirmation, and having received this Court's sanction to do so under the applicable legal principles, Plaintiff has failed to properly follow the appropriate evidentiary guidelines for confirmation of this sale. Accordingly, Plaintiff's Motion for Confirmation is hereby overruled and denied.

SO ORDERED, this 9th day of November, 1979.